## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUSA ISSA ABDULLAHI,<br><br>Defendant. | **ORDER OF FORFEITURE**<br><br>Case No. 2:23-cr-289-HCN<br><br>Judge Howard C. Nielson, Jr.<br>United States District Judge |

The defendant has pleaded guilty to Counts 1–4 of the Indictment. Having examined the information provided in the Government's motion, the Indictment, the guilty plea of the defendant, the defendant's statement in advance of plea that included his agreement regarding the forfeiture, and good cause appearing, the court makes the following findings:

1.      As a result of a guilty plea to two counts of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and two counts of possessing controlled substances with intent to distribute them, in violation of 21 U.S.C. § 841(a)(1), the Government seeks forfeiture under both 18 U.S.C. § 924(d), which requires the defendant to forfeit to the United States any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1), and 21 U.S.C. § 853, which requires the defendant to forfeit to the United States all property, real or personal, that is derived from, used, or intended to be used in violation of 21 U.S.C. § 841(a)(1).

2.      Based on the information provided in the government's motion, the Indictment, the guilty plea of the defendant, and the statement in advance of plea that includes his agreement

regarding the forfeiture, the court finds that (1) $723.00 in United States currency; (2) $971.00 in United States currency; (3) $5,004.00 in United States currency; (4) a Ruger 9mm firearm, serial number 461-49508, with a magazine; (5) 47 rounds of 9mm ammunition; (6) a Colt MKIV .380 caliber handgun, serial number RS38374, with magazines; (7) a Glock handgun magazine; (8) 7 rounds of .380 caliber ammunition; (9) 17 rounds of 9mm ammunition; and (10) 37 rounds of 9mm ammunition are subject to forfeiture and that the government has established the requisite nexus between the subject property and the offense. The court also finds that the Government has made a *prima facie* showing sufficient, if no third party files any claim to the property, to establish that the defendant has an interest in the property.

3.        Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2(b)(1)(A), the property identified above is hereby forfeited to the United States.

4.        Upon the entry of this Order, in accordance Federal Rule of Criminal Procedure 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the property and conduct any discovery proper to identify, locate, or dispose of the property subject to forfeiture.

5.        Upon entry of this Order the Attorney General (or a designee) shall commence any applicable proceeding to comply with statutes governing third party interests, including giving notice of this Order.

6.        The United States shall publish notice of this Order on the Government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

7.        Any person, other than the defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the

subject property, and amendment of the order of forfeiture under 21 U.S.C. § 853(n).

8.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

9.      Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claims; and the relief sought.

10.     After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11.     The United States shall have clear title to the subject property following the court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third-party petitions.

12.     The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

     **IT IS SO ORDERED.**

Dated this 13th Day of March, 2024

BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge